UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL WAYNE HILL,

    Plaintiff,

v.                                              Case No. 3:21cv1190-LC-HTC

CHIP ANDREW KLOUS,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Michael Wayne Hill, proceeding *pro* initiated this action by filing a handwritten civil complaint[1] against his neighbor, Chip Andrews Klous, both of whom are Florida residents, for assault and battery. ECF Doc. 1. Hill also filed a motion to proceed *in forma pauperis.* ECF Doc. 2. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon screening the complaint under 28 U.S.C. § 1915(e)(2), and for the reasons set forth herein, the undersigned respectfully recommends that the complaint be DISMISSED

---

[1] Although Hill did not use this Court's required complaint form, for purposes of judicial efficiency, the Court finds it appropriate to go ahead and screen the complaint rather than require Hill to resubmit his complaint on this Court's form. *See* N.D. Fla. Loc. R. 5.7 ("A party not represented by an attorney must file [a civil rights complaint] only on a form available without charge from the Clerk or on the District's website . . . . The Court need not – and ordinarily will not – consider a … complaint that is not filed on the proper form").

*sua sponte* for lack of subject-matter jurisdiction and, accordingly, the motion to proceed *in forma pauperis* be DENIED as MOOT.

## I.    THE COMPLAINT

The entire facts alleged in Plaintiff's complaint are as follows:

> I, Michael Wayne Hill, swear to the best of my ability, knowledge, and belief that the information provided below is true. I was assaulted by the defendant named within this complaint. I was prevented from escape by additional strikes to the head and body. I screamed nine times for help. I dialed 911 from my cell phone at 05/04/2021 1:38 p.m. I was rescued by Deputy Harris #364 CAD#085396. I can give explicit details on order.

ECF Doc. 1 at 2.

Defendant states his "Basis for Jurisdiction" as "Assault and Battery." *Id.* at 2. Based on these allegations, Plaintiff seeks "relief from undue medical expenses plus [$]14,000 for torment." *Id.* at 4. Along with the complaint, Plaintiff files a civil cover sheet and cites Florida Statute "Title XLVI, Ch. 784, Section 3, Battery" in the Cause of Action section.

## II.    LEGAL STANDARD

District courts have "'unquestionable' authority to control their own dockets. This authority includes "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (citations omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint where the plaintiff cannot cure the defects by amending his

complaint, or an amendment would be futile. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

While a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a pro se litigant's claim is very important because initial screening by the court can eliminate patently frivolous actions." *See, e.g.*, *Gonzalez v. Citicorp Credit Srvcs., Inc.*, 2015 WL 13776794 (S.D. Fla. May 18, 2015), *adopting report and recommendation*, 2015 WL 13776795 (June 22, 2015). Moreover, where a plaintiff seeks to proceed *in forma pauperis*, such as in this case, the Court must also "dismiss the case at any time if the court determines that … (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## III. LACK OF JURISDICTION

As set forth below, this Court does not have jurisdiction over Plaintiff's claims, and, while courts normally afford *pro se* plaintiffs an opportunity to amend their complaints before recommending dismissal, here such an opportunity would be futile because Plaintiff asserts assault and battery claims which clearly belong in state – not federal -- court.

Federal Rule of Civil Procedure 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). This is because federal courts are courts of limited jurisdiction that possess only the power authorized by statute or the Constitution. *Kokkoken v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). Congress may "give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1922). Absent a grant of subject-matter jurisdiction from Congress, a federal court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that absent jurisdiction a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

Generally, federal district courts have subject-matter jurisdiction over only two (2) types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332. If a complaint lacks a jurisdictional statement, a court may find a basis for federal question

jurisdiction only if the complaint makes "references to federal law sufficient to permit the court to find § 1331 jurisdiction." *Miccosukee Tribe of Indians v. Kraus–Anderson Constr. Co.*, 607 F.3d 1268, 1275–76 (11th Cir. 2010) ("Rule 8(a)(1) is satisfied if the complaint says enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear."). However, it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkoken*, 511 U.S. at 377 (citations omitted).

      **A.**    **This Court Lacks Federal Question Jurisdiction.**

A "federal question" case arises under the United States Constitution or federal laws or treaties. *See* 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for the purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Under the "well-pleaded-complaint" rule, "[a] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, for federal question jurisdiction to exist, a plaintiff's complaint must "claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946).

In the instant case, Plaintiff identifies the jurisdictional basis as "assault and battery." ECF Doc. 1 at 2. Plaintiff alleges "he was assalted (sic) by defendant," and "prevented from escape by additional strikes to the head and body." ECF Doc. 1 at 4. Plaintiff's claims of assault and battery are torts under Florida law, which must be brought in state court. *See* § 784.03, 784.011 Fla. Stats. (2021). Relief from such conduct is generally conferred by state law and protected by the state courts. *See McCray v. Howard,* 285 Fed. App'x 689, 693 (11th Cir. 2008) (unpub. dec.) (with respect to conduct that may potentially constitute an intentional tort such as battery under state law, the "potential remedies for this conduct are in state court"); *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337 (S.D. Fla. 2012) ("Florida courts recognize battery, assault, and false imprisonment as intentional torts."); *Herzfeld v. Herzfeld*, 781 So.2d 1070, 1071 (Fla. 2001).

Plaintiff does not, and cannot, point to any authority suggesting that such conduct arises under the U.S. Constitution, federal laws or treaties. The Court can envision no situation in which Plaintiff can amend this claim to assert a federal action. Indeed, Plaintiff's citation to a Florida statute on his civil cover sheet further emphasizes his mistaken belief that he could pursue state claims by filing a federal suit. Thus, Plaintiff has failed to meet his burden of establishing federal question jurisdiction.

### B. This Court Lacks Diversity Jurisdiction.

Federal courts also have subject-matter jurisdiction over civil actions in which: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Here, Plaintiff seeks an unidentified amount for "undue medical expenses" plus $14,000 for "torment." ECF Doc. 1 at 4. Generally, "where jurisdiction is based on a claim for indeterminate damages, the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors*, LLC, 329 F.3d 805, 807 (11th Cir. 2003) (quotations omitted). In his complaint, Plaintiff does not describe his injuries or any treatment he received. Thus, Plaintiff has failed to meet his burden of showing this claim meets the $75,000 threshold.

Regardless of damages, it is abundantly clear Plaintiff cannot satisfy the second element for diversity jurisdiction. To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A person's place of citizenship, or domicile, is "the place of his true fixed, and permanent home and principal establishment, and to which he has the intention of

returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

In his complaint, Plaintiff lists his address as "1665 Dogwood Place Apartment 1955 Pensacola Escambia Florida 32505." ECF Doc. 1 at 1. Plaintiff, thus, identifies himself as a citizen of Florida. Plaintiff also lists Defendant's address as being in the same Florida apartment complex. *Id.* at 3. Because Plaintiff and Defendant are citizens of the same state, there can be no diversity jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, this Court lacks jurisdiction over this complaint. Thus, Plaintiff's complaint should be dismissed. A *sua sponte* dismissal is appropriate because allowing Plaintiff an opportunity to amend would be futile. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so").

Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to file an objection to this report and recommendation prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F.

App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is respectfully RECOMMENDED:

1. Plaintiff's complaint (ECF Doc. 1) be DISMISSED for lack of subject-matter jurisdiction.

2. Plaintiff's Motion to Proceed *in forma pauperis* (ECF Doc. 2) be DENIED as MOOT.

3. The clerk be directed to close the file.

DONE AND ORDERED this 13th day of October 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv1190-LC-HTC